MEC Prop. Holdings, LLC v Gelfand

2026 NY Slip Op 03075

May 14, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

MEC Property Holdings, LLC, Plaintiff-Respondent,

v

Chaya Gelfand, et al., Defendants-Appellants.

Decided and Entered: May 14, 2026

Index No. 653955/24|Appeal No. 6609|Case No. 2025-06624|

Before: Webber, J.P., GonzáLez, Pitt-Burke, Higgitt, Hagler, JJ.

Lambert & Shackman, PLLC, New York (Thomas Charles Lambert of counsel), for appellants.

Richard Paul Stone, New York, for respondent.

[*1]

Order, Supreme Court, New York County (James G. Clynes, J.), entered September 12, 2025, which, to the extent appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the complaint and for summary judgment on their defenses and counterclaims, unanimously modified, on the law, to grant the motion to the extent of dismissing the complaint and severing defendants' counterclaims, and otherwise affirmed, without costs.

By lease dated August 9, 2022, plaintiff MEC Property Holdings, LLC leased a condominium apartment to defendant Chaya Gelfond (s/h/a Chaya Gelfand) for a term ending August 31, 2023. Pursuant to a lease extension dated June 22, 2023, plaintiff leased the apartment to Gelfond and defendant Hans Howell (collectively, tenants) for a term beginning September 1, 2023 and ending September 1, 2024. The lease extension added defendant Robert Gelfond as a guarantor. Pursuant to the lease, plaintiff was required to serve tenants with a written 14-day rent demand as a condition precedent to commencing an "action or summary proceeding" seeking overdue rent.

Here, the lease unambiguously applies not only to summary proceedings, but to any action to recover unpaid rents. Where the parties to a lease contract for the provision of notice beyond statutory requirements, such as applying the notice requirements for the commencement of a summary nonpayment proceeding (see RPAPL 711) to plenary actions seeking to recover unpaid rent such as the instant case, this Court has held that the plain meaning of the lease controls (see Minick v Park, 217 AD2d 489, 490 [1st Dept 1995]; see also Chinatown Apartments, Inc. v Chu Cho Lam, 51 NY2d 786, 788 [1980] [in the context of a summary proceeding, where service of a proper notice "was a condition precedent to the termination of the tenancy under the lease," a deficiency in the notice "deprived petitioner of a predicate for reclaiming possession," warranting dismissal]). In light of our determination dismissing the complaint, defendants' arguments regarding their defenses are academic.

Defendants fail to make a prima facie showing of entitlement to summary judgment on their counterclaims, and thus, Supreme Court properly denied their motion for summary judgment on those counterclaims "regardless of the sufficiency of the opposing papers" (Vega v Restani Const. Corp., 18 NY3d 499, 503 [2012] [quoting Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 14, 2026